CHUBB GROUP OF INSURANCE COMPANIES

CLAIM ADMINISTRATION AGREEMENT
**Chubb & Son and FFG Insurance Co., Ltd.**

THIS AGREEMENT shall be effective as of October 1, 1999, even though it may be executed on a prior or subsequent date, and shall be between **Chubb & Son,** a division or Federal Insurance Co. ("**Chubb**"), an Indiana corporation, having an office at 15 Mountain View Road, Warren, New Jersey 07061, and **FFG Insurance Co., Ltd.** ("**Captive**"), a Bermuda captive, having an office at Craig Appin House, c/o AON Risk Services (Bermuda), Ltd., 8 Wesley Street, P.O. Box HM 2450, Hamilton HMJX, Bermuda.

In consideration of the mutual promises herein between **Chubb** and **Captive** and such other good and valuable consideration the parties agree as follows:

Section 1: Purpose

It is the intention of **Chubb** and **Captive** that this Agreement set forth the terms and conditions under which **Chubb** will provide claim administration services to **Captive** for claims or losses reported ("**Claims**") under Policy #FFG 00004 ("**Policy**") issued by **Captive** to Fleet Boston Corporation ("**FBC**").

Section 2: Authority and Duties of **Chubb**

A. Subject to the terms of this Agreement, **Captive** grants **Chubb** the authority to receive, review and evaluate any **Claims** under the **Policy**. **Captive** grants **Chubb** the authority to deny, negotiate, adjust or settle any claims made under this **Policy** only with the express written permission of **Captive**, such permission not to be unreasonably withheld by **Captive**.

B. Upon receipt of a Claim under the **Policy**, **Chubb** shall determine the type of Claim being presented under the **Policy**, coverage(s) that apply, the amount of such **Claims**, and where applicable, shall be responsible for handling all facets of a Claim through final settlement, including the investigation, recommendation of legal counsel, handling, negotiating, denial or settling of **Claims**. **Chubb's** selection of any outside service provider, including legal counsel where applicable, shall be made with the express written permission of **Captive**, such permission not to be unreasonably withheld. In no event shall **Chubb** be liable or responsible for the quality of services provided by such legal counsel. **Chubb** shall seek written prior approval from **FBC** for use of any nonChubb service provider if the cost of such will be in excess of $2,500.

C. **Chubb** shall have full authority to interpret **Policy** language, make **Policy** coverage decisions, and to settle covered **Claims** for any amount up to the **Policy** limits.

D. **Chubb** shall recommend reserves for both expense and indemnity for such **Claim(s)**.

E. All decisions with respect to the ultimate disposition of a **Claim** under the **Policy's** limits shall be made by **Chubb**.

F. For any Claim determined by **Chubb** to be covered under the **Policy**, **Chubb** shall notify **Captive** in writing of the amount of payment, if any, to be made to settle the Claim and to whom such payment is to be made.

G. If **Chubb** determines that a Claim is not covered under the **Policy**, **Chubb** shall promptly notify **Captive** in writing of such determination.

H. It is understood and agreed by **Chubb** that all **Claims** and Claim files are to be treated with due regard for right of privacy of **FBC**. In furtherance of the foregoing, any information, whether or not protected by a patent or copyright, and including, without limitation, all **Claims** and Claim files, which has been provided (i) in writing by **Captive**, **FBC** or any of its or their affiliates to **Chubb** pursuant to, or in connection with the services to be provided under, this Agreement, or (ii) orally by **Captive**, **FBC** or any of it or their affiliates to **Chubb** pursuant to, or in connection with the services to be provided under, this Agreement, is designated as confidential at the time of disclosure and is reduced to a written summary (identified by a legend thereon as being proprietary or confidential) (hereinafter "Confidential Information") shall be treated by **Chubb** as being the proprietary information of **Captive**, **FBC** and its or their affiliates, and shall be protected by the same industrial security procedures as are used by **Chubb** in protecting its own trade secrets and other confidential data which shall be no less than reasonable security procedures.

I. All Claim files and other records used or created in connection with **Claims** under the **Policy** shall be maintained in original form at **Chubb's** office until three (3) years after final resolution of a Claim, at which time the closed Claim file will be shipped to **Captive** or its designee at expense of **Captive**. It is agreed that at all times during the term of this Agreement and following its termination for any reason, all Claim files and records relating to services provided under this Agreement shall be the exclusive property of **Captive**. **Chubb** reserves the right to make, at its own expense, photocopies of Claim files and records. Claim files and records shall not be used for any purposes not authorized in writing by **Captive**.

J. It shall be the responsibility of **Chubb** to notify **Captive** within ten (10) business days of **Chubb's** receipt of any notice regarding: (1) the commencement of any hearing or legal

proceeding involving a Claim under the **Policy** (whether or not insured under the **Policy**); (2) an alleged unfair or improper claim handling practice relating to the **Policy**; (3) any communication from any state insurance department or other governmental agency identifying a complaint by a claimant or insured under the **Policy**; or (4) a complaint by a claimant or insured. Upon written request from **Captive**, **Chubb** shall provide **Captive** with photocopies of pertinent correspondence and shall respond promptly to all inquiries and complaints regarding **Claims**. **Captive** shall reimburse **Chubb** for the direct cost of making the photocopies.

K. **Chubb** shall make available for inspection at its premises, and place at the disposal of **Captive** and its reinsurers during normal business hours and on a reasonable advance notice, all relevant records as respects all **Claims** under this **Policy**.

Section 3: **Chubb** Representation

**Chubb** represents that it will comply with all applicable laws and regulations, including but not limited to those relating to claim settlement practices.

Section 4: **Captive** Representations

**Captive** represents that:

A. it is licensed by the Bermuda Registrar of Companies to write the coverages under the **Policy**; and

B. it has complied and will continue to comply with all applicable laws and regulations pertaining to the sale of the **Policy**.

Section 5: Rights of **Captive**

**Captive** shall have the right to accept or reject Claim reserve recommendations of **Chubb**. It is agreed that **Captive** has the sole responsibility for reserves and that **Chubb** shall not be liable for any reserve recommendations.

Section 6: Duties of **Captive**

**Captive** shall:

(1) provide **Chubb** with prompt written notice of all **Claims** reported under the **Policy**. If, however, **Chubb** receives notice of a Claim from anyone other than **Captive**, **Chubb** shall promptly notify **Captive** of receipt of the Claim and shall forward a copy of the Claim notice to **Captive**. If **Captive** orally instructs **Chubb** to handle the Claim,

**Captive** shall promptly confirm the oral instructions in writing;

(2) cooperate with **Chubb** in all matters pertaining to the Claim or event;

(3) be solely liable for the payment of all Claim amounts, including all expenses and make such payments in accordance with Section 7: Compensation and Billing;

(4) forward to **Chubb** photocopies of all letters sent by **Captive** to Fleet Boston Corporation and claimants regarding Claim payments and photocopies of all Claim payments made.

Section 7: Compensation and Billing

A. Notwithstanding the provisions and conditions of Section 2, when **Chubb** notifies **Captive** that payment is to be made, such notice shall be binding on **Captive** and **Captive** shall make such payment promptly upon receipt thereof, or pursuant to settlement agreement, judgment or applicable statute or rule, whichever occurs first.

B. **Chubb** shall make arrangements for all bills and for Claim disbursements from attorneys, independent claim adjustors and other vendors to be submitted to **Captive** for payment by **Captive**.

C. **Chubb** shall be paid by **Captive** for services rendered under this Agreement at a rate of $165 per hour. In addition, **Chubb** shall be paid by **Captive** for allocated costs incurred by it directly related **Claims** serviced by it as outlined in this agreement. **Chubb** will provide a bill for each Claim, whether open or closed, for services rendered and disbursements. **Captive** will pay the bill in full promptly upon receipt thereof.

D. **Chubb** shall be responsible for all of its office, and operations and non-allocated loss adjustment expenses including, but not limited to, rentals, transportation, office facilities, and clerk hire.

E. Compensation of **Chubb** under this Agreement shall in no way be contingent on Claim experience.

F. The rates charged by **Chubb** as set forth in 7 (c) for services rendered under this Agreement may be amended upon Captive's acceptance of a written request to so amend so made by **Chubb**. **Chubb** is to provide at least sixty (60) days prior written notice of such request to **Captive**.

Section 8: Subrogation

Upon written request by **Captive**, **Chubb** shall pursue at expense of **Captive**, subrogation and

account for any covered Claim subrogation recoveries through final disposition. **Chubb** shall provide **Captive** with an accounting of the subrogation proceeds and expenses incurred in the subrogation recovery within thirty (30) days of any recovery.

Section 9: Claim Reports

**Chubb** shall provide **Captive** with Claim status reports on request.

Section 10: Indemnification

A. **Chubb** agrees to hold harmless and indemnify **Captive**, its affiliates, authorized representatives, officers, agents and employees against any and all liability for any judgements, awards, expenses, fines, penalties, attorneys' fees, or other claims for damages in connection with any suit, complaint, demand, charge, proceeding or action of any kind arising out of the negligence of **Chubb** or any **Chubb** employee or agent in the performance of their duties required under this Agreement or based upon **Chubb**'s violation of any applicable statutory or regulatory provision unless **Captive** caused such negligence or violation.

B. **Captive** agrees to hold harmless and indemnify **Chubb**, its parent, affiliates, authorized representatives, officers, agents and employees against any and all liability for any judgments, awards, expenses, fines, penalties, attorneys' fees, or other claims for damages arising out of the negligence of **Captive** or any **Captive** employee in the performance of their duties required under this Agreement or based on **Captive**'s violation of any applicable statutory or regulatory provision unless **Chubb** or its employees or agents caused such negligence or violation.

Section 11: Limitation of Liability

Notwithstanding Section 10: Indemnification, **Chubb** is released from any liability to **Captive** under this Section:

A. for any damages arising from or relating to any Claim not reported to **Chubb** on a timely basis which significantly compromises the ability of **Chubb** to service claims as outlined in the agreement; and

B. for any criminal or administrative fines or penalties, whether mandatory or otherwise levied against **Captive** unless caused by **Chubb**, its employees or agents.

Section 12: Termination

This Agreement may be terminated:

A. immediately by **Chubb** should **Captive** fail to pay **Claims** and Claim expenses or compensation due **Chubb** in connection with this agreement within 30 days after receipt by **Captive** of written notice from **Chubb** of **Captive**'s failure to timely pay such expenses or compensation.

B. immediately by either party if there is a change in any state or federal law materially affecting the terms and conditions of this Agreement;

C. immediately by either party as of the termination of the **Policy** except for services for present and/or pending claims;

D. at any time by either **Chubb** or **Captive**, if either party fails to meet its duties or other obligations under this Agreement, on fourteen (14) days prior written notice to the other party by U.S. registered or certified mail, postage prepaid, return receipt requested or the equivalent in Bermuda. Such notice to state specific issues of either party's failure and allow for sixty (60) days in which to take corrective action to rectify such failure to satisfaction of other party.

E. At any time for any other reason by either **Chubb** or **Captive** on sixty (60) days prior written notice to the other party by registered or certified mail, postage prepaid, return receipt requested.

Section 13: After Termination

A. Upon termination of this Agreement:

(1) **Chubb** shall continue to handle all pending **Claims** and future **Claims** that may arise under the **Policy** until their final disposition, subject to and in accordance with the terms of this Agreement unless otherwise requested by **Captive**;

(2) **Chubb** shall handle all pending **Policy** salvage or subrogation recoveries through final disposition, subject to and in accordance with the terms of this Agreement unless otherwise requested by **Captive**; and

(3) all rights and responsibilities of **Chubb** or **Captive** relative to this Agreement and to any Claim pending when termination becomes effective or any future Claim handled by **Chubb** shall survive the termination of this Agreement until all **Claims** are closed or resolved by mutual written communication, release, or other agreement between **Chubb** and **Captive**.

B. On giving reasonable advance notice to **Captive**, **Chubb** shall have the right to access and review any Claim and Claim file documentation that has been turned over to **Captive** by **Chubb** during the term of this agreement.

Section 14: Terms of Agreement

This Agreement shall commence as of the date first stated in this Agreement and shall continue until terminated pursuant to Section 12: Termination.

Section 15: Marketing and Advertising

A. No information on the **Policy** may be released, nor may any marketing, sales literature or press release by **Captive** concerning the **Policy** be printed or used, if **Chubb**'s or other **Chubb** affiliate companies' names, logo, service marks, trademarks or the like are used, unless prior written approval is obtained from **Chubb**'s Department of Financial Institutions.

B. No information on the **Policy** may be released, nor may any marketing, sales literature or press release by **Chubb** concerning the **Policy** be printed or used unless prior written approval is obtained from both **Captive** and Fleet Boston Corporation.

C. **Chubb** shall not publish or use any advertising, sales promotion or publicity matters relating to this Agreement or any products furnished or services performed by **Chubb** wherein **Captive's**, **FBC**'s or any of its or their affiliates's name and/or logo is mentioned or language is used for which the connection of such name may, in **Captive**'s judgement, be inferred or implied, without the prior written approval of **Captive**, which may be withheld in its absolute discretion.

Section 16: Revision of Agreement

The terms and conditions of this Agreement constitute the entire Claim Administration Agreement between the parties. This Agreement may be amended only by mutual written agreement, signed by **Chubb** and **Captive**.

Section 17: Prior Agreement

This Agreement takes the place of all previous agreements between **Chubb** and **Captive**, whether oral or written, relating to Claim administration services provided by **Chubb** for Policies.

Section 18: Independent Contractor

**Chubb**'s status will be that of an independent contractor in all relations with **Captive**.

Section 19: Assignment

Unless stated otherwise, neither party may assign any of its rights or obligations under this Agreement without the prior express written consent of the other.

Section 20: Governing Law

This Agreement shall be governed and construed in accordance with the laws of New Jersey. The invalidity or unenforceability of any particular provision shall be severable and shall not affect the other provisions, and this Agreement shall be construed as if such invalid unenforceable provision were omitted.

Section 21: Notices

Unless stated otherwise, all notices required under this Agreement shall be in writing and shall be served personally or sent by U.S. registered or certified mail postage prepaid, return receipt requested or the equivalent in Bermuda, as follows:

Claims:

Financial Fidelity

Manager,
Financial Fidelity
Claims
Chubb & Son
15 Mountain View Road
Warren, NJ 07061

Bankers Professional and Directors & Officers

Manager,
Directors & Officers
Claims
Chubb & Son
15 Mountain View Road
Warren, NJ 07061

All Other Notices

TO: Manager,
Departmental of Financial Institutions
Chubb & Son
15 Mountain View Road
Warren, NJ 07061

TO: FFG Insurance Co., Ltd.
c/o AON Risk Services (Bermuda), Ltd.

Craig Appin House
8 Wesley Street
PO Box HM 2450
Hamilton, HMJX, Bermuda

TO: Risk Manager
Fleet Boston Corporation
RI MO 0218
50 Kennedy Plaza
Providence, RI 02903

Such notices shall be effective on the receipt of the notice by the party or parties to whom they are addressed at the addresses set forth in this Section or such other addresses as each party may specify in writing to the other.

IN WITNESS THEREOF, the parties hereto have executed this Agreement in duplicate to be effective as of the date first mentioned above.

| Chubb & SON ("Chubb") | FFG INSURANCE CO., LTD. ("Captive") |
|---|---|
| By: [signature] | By: [signature] |
| Title: Vice President | Title: [illegible] |
| Date: Feb 17 [illegible] | Date: [illegible] |