Sachnoff & Weaver, Ltd.
10 South Wacker Drive
Chicago, Illinois 60606-7507
t 312 207.1000 f 312 207.6400
www.sachnoff.com

Carolyn H. Rosenberg
Attorney at Law
t 312.207.6472
crosenberg@sachnoff.com

Sachnoff&Weaver

**CONFIDENTIAL COMMUNICATION**
**IN CONNECTION WITH LITIGATION**

March 18, 2005

**VIA ELECTRONIC MAIL**

David H. Topol, Esq.
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Re: Matters: WorldCom-Related Securities Litigation
Insured: FleetBoston Financial Corporation
Insurer: FFG Insurance Co., Ltd.
Policy: Combined Risk Protection Program Policy No. FFG 00004 ("the Policy")

Dear Mr. Topol:

As you are aware, we are coverage counsel to Bank of America Corporation, FleetBoston Financial Corporation, and Fleet Securities, Inc. ("FleetBoston") in connection with the above-captioned matters. This letter is in response to your March 1, 2005 letter on behalf of Chubb & Son, as Claims Manager for FFG Insurance Co., Ltd. ("FFG"), to me and to Nancy Gray of AON Insurance Managers (Vermont).

Initially, the clear and unambiguous position of FleetBoston is that the settlement reached on March 3, 2005 between Lead Plaintiff Alan Hevesi on behalf of the New York State Common Retirement Fund and Bank of America and FleetBoston, pursuant to which Bank of America and FleetBoston agreed to pay $460.5 million to settle class claims asserted in the *WorldCom Securities Litigation* in exchange for, among other things, a release of Banc of America Securities LLC and Fleet Securities, Inc., was and is a reasonable settlement of the claims asserted against FleetBoston in the litigation. The settlement is reasonable for the following non-exclusive list of reasons.

First, the Bank of America/FleetBoston settlement is pro rata with the May 2004 settlement of the § 11 claims asserted against Citigroup and Salomon Smith Barney.

Second, subsequent to the announcement of the Bank of America/FleetBoston settlement, all remaining significant underwriters announced settlements with Lead Plaintiff, either pro rata or at significant premiums to the Citigroup settlement.[1] On March 4, 2005, Lehman Brothers, Goldman Sachs, UBS Warburg, and Credit Suisse First Boston settled for $100.2 million, pro rata with Citigroup. (We note that Lehman, Goldman Sachs, UBS Warburg, and CSFB were junior underwriters on the May 2000 offering and had no role in the May 2001 offering. It is universally acknowledged that Lead Plaintiff's case with respect to the May 2000 offering is significantly weaker than its case with respect to the May 2001 offering. Despite this fact, these four underwriters settled at a number pro rata to Citigroup.) On March 9, 2005, ABN AMRO, Mitsubishi Securities, BNP Paribas, and Mizuho settled for $278.4 million, $75 million, $37.5 million, and $37.5 million, respectively. On March 10, 2005, Deutsche Bank, West LB and Caboto settled for $325 million, $75 million and $37.5 million, respectively. And on March 16, 2005, J.P. Morgan Chase & Co. settled for $2 billion. The ABN AMRO settlement was an approximate 6% premium to the Citigroup settlement; the Mitisubishi, BNP Paribas, Mizuho, West LB, and Caboto settlements were an approximate 13% premium to the Citigroup settlement; the Deutsche Bank settlement was an approximate 18% premium to the Citigroup settlement; and the J.P. Morgan settlement was an approximate 45% premium to the Citigroup settlement.

Third, independent of the settlements announced after the Bank of America/FleetBoston settlement, FleetBoston's settlement was in accord with a reasonable risk-weighted analysis of the exposure faced by both Banc of America Securities and Fleet Securities if the case were tried to a jury. This analysis has been discussed at length with the carriers in conference calls in which Bank of America and FleetBoston's in-house and outside defense counsel have participated, and the relevant documents, including expert reports, have been provided to the carriers.

Indeed, in light of the foregoing, and especially in light of the settlements announced subsequent to the Bank of America/FleetBoston settlement, we consider any argument raised by FFG or any other carrier that the Bank of America/FleetBoston settlement was not "reasonable" to be specious and raised in bad faith.

Furthermore, in the Memorandum of Agreement executed by the parties on March 3, 2005, Lead Plaintiff allocates $398.7009 million of the Bank of America/FleetBoston settlement amount to purchasers of the May 2001 offering. We assume that in her final approval of the settlement, Judge Cote will allocate between the May 2000 and the May 2001 offerings, as requested by the Lead Plaintiff. Allocating this amount between Bank of

[1] Two minor underwriters, Blaylock & Partners and Utendahl Capital Partners, settled at a discount to Citigroup based upon the questionable solvency of these entities.

America and FleetBoston based upon their respective shares of the May 2001 offering, FleetBoston's contribution to the settlement is $33,225,061. As of March 16, 2005, FleetBoston has incurred $1,083,067 in Defense Costs in connection with the *WorldCom Securities Litigation*. For the above reasons, FleetBoston hereby demands immediate payment in the total amount of $24,308,128 from its carriers, as it is entitled to under the Policy.

Please note that such payment will not completely discharge the carriers' obligations under the Policy. As additional Defense Costs are incurred in the remaining *WorldCom* actions, or as these actions are settled, FleetBoston will make additional demands upon the carriers under the subject policy.

The Insureds (including Bank of America as successor to FleetBoston) continue to reserve all, and do not waive any, of their rights under the Policy and applicable law with respect to coverage. Please treat this letter as confidential.

Sincerely,

Carolyn H. Rosenberg
for Sachnoff & Weaver, Ltd.

CHR:ap

cc: David Onorato
Robert M. Rudnicki
Adriaan E. Schieferdecker
Kimberly A. Glowish
Gregory A. Markel
R. Damian Brew
Nancy Gray, AON Insurance Managers (Vermont)
All Carriers
J. Andrew Moss

735572.2